# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GIA SPERRY<br><br>v.<br><br>THE ARCHDIOCESE OF PHILADELPHIA individually and d/b/a THE OFFICE OF CATHOLIC EDUCATION OF THE ARCHDIOCESE OF PHILADELPHIA | CIVIL ACTION<br><br>NO. 19-2615 |

**Baylson, J.**                                                                                                             **October 24, 2019**

## MEMORANDUM

### I.  Introduction

This case involves alleged violations of the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act of 1933, and the Fair Labor Standards Act that occurred during Plaintiff Gia Sperry's employment by Defendant The Archdiocese of Philadelphia and The Office of Catholic Education of the Archdiocese of Philadelphia.  Sperry's complaint contains six counts:

- **Count 1:** Sex discrimination in violation of Title VII
- **Count 2:** Retaliation in violation of Title VII
- **Count 3:** Failure to accommodate in violation of the ADA
- **Count 4:** Retaliation in violation of the ADA
- **Count 5:** Underpayment in violation of FLSA

1

- **Count 6:** Interference with FMLA rights

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants now move to dismiss all claims except for a portion of Count 3. Defendants also request that the Court strike Sperry's prayer for punitive damages.

For the reasons given below, the Court will DENY the Motion in part and GRANT the motion in part.

## II. Factual and Procedural History

Taking Sperry's allegations as true, the factual background is as follows. Sperry is a lay teacher in Philadelphia Catholic schools. Compl. ¶¶ 14–16. At all relevant times, she has suffered from lupus. Id. ¶¶ 17–18. For over a decade, she has sought accommodations to help her manage her lupus in the workplace—mostly, air conditioning—but received nothing. Id. ¶¶ 18–33. The sole exception was a period in 2017-2018 when she was placed in a classroom with functioning air conditioning. Id. ¶ 31. That period ended in September 2018 when Defendants reassigned her to a classroom without functioning air conditioning, which she complained about. Id. ¶¶ 32–33. Her students have "regularly" sexually harassed and in at least one case groped her, and Defendants did nothing to protect her. Id. ¶¶ 38–41.

Sperry sought to take medical leave beginning in or about September 2018, and began taking medical leave on September 13, 2018. Id. ¶¶ 32, 34–35. She has not yet returned to work. Id. ¶ 35.

She received negative performance reviews from 2010 on. Id. ¶ 28. She claims those negative performance reviews were unwarranted and intended to retaliate for her complaints about Defendants' failure to accommodate her. Id. ¶ 28. She also alleges that Defendants underpaid her

2

on some occasions. Id. ¶¶ 44–45. She filed charges with the Equal Employment Opportunity Commission, Pennsylvania Human Relations Commission, and Philadelphia Commission on Human Relations on March 8, 2019, and received her EEOC Notice of Right to Sue ten days later. Id. ¶¶ 4–5. Defendants disabled her access to her work email on March 22, 2019, which she appears to allege was intended to retaliate against her filing of EEOC charges. See id. ¶¶ 36–37.

On June 14, 2019, Sperry filed a complaint against Defendants alleging sex discrimination, disability discrimination, retaliation for her complaints about both forms of discrimination, underpayment, and interference with her right to take leave. ECF 1. Defendants moved for the dismissal of Plaintiff's entire complaint except for a portion of her disability discrimination claim on September 24. ECF 7. Sperry responded on October 8, ECF 8, and Defendants submitted its reply on October 15, ECF 9.

### III. Legal Standard

In considering a motion to dismiss under Rule 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

The Court in Iqbal explained that, although a court must accept as true all of the factual allegations contained in a complaint, that requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal,

3

556 U.S. at 678, 684. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678 (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests."). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

## IV. Discussion

The Court will address the six counts in Sperry's lawsuit in the order they appear in the complaint, followed by Defendants' request that the Court strike Sperry's prayer for punitive damages.

### a. Count 1: Title VII: hostile work environment

Sperry alleges that her students have regularly sexually harassed and in at least one case groped her, and that the district did nothing to protect her. Compl. ¶¶ 38–41. Defendants argue that she has not provided enough details of the alleged harassment (who? where? how frequently? how did she become aware? to whom did she report the harassment?) to have demonstrated that her claim "is plausible on its face." Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Complaint ("Def. MtD Br.") at 15. The Court disagrees. Given the facts alleged, the Court could infer that Sperry would not have been sexually harassed but for her gender, and that the conduct was severe and pervasive enough to make her believe that she was being subjected to a hostile or abusive work environment.

4

The Court will therefore DENY Defendants' Motion to Dismiss Count 1.

**b. Count 2: Title VII: retaliation**

To establish a *prima facie* retaliation case, a plaintiff must make three showings: first, that they engaged in protected activity; second, that the employer retaliated by taking an adverse employment action against them; and third, that there was a causal connection between the protected activity and the adverse employment action. E.g., Blakney v. City of Philadelphia, 559 Fed. App'x 183, 185 (3d Cir. 2014). Defendants argue that Sperry's complaint does not demonstrate retaliation.

Negative performance reviews can support a retaliation claim. See Stevens v. City of Philadelphia, Civil Action No. 17-4853, 2018 WL 3328057, at *2 (E.D. Pa. July 6, 2018) (Dalzell, J.) (citing Rosati v. Colello, 94 F. Supp. 3d 704, 718 (E.D. Pa. 2015)) ("A negative performance review could be an adverse employment action."). Here, Sperry claims that Defendants retaliated against her by, *inter alia*, "issuing her unwarranted poor performance reviews beginning in 2010 . . . ." Compl. ¶ 28. Admittedly, her complaint only states that the negative performance reviews were retaliation for her conduct in reporting *disability* discrimination. See Compl. ¶ 28. However, Sperry allegedly suffered and reported on two distinct forms of discrimination over the period where she allegedly received unwarranted poor performance reviews. At this stage, the Court can reasonably infer that Defendants may have produced unwarranted poor performance reviews to retaliate against Sperry's complaints about both forms of discrimination—not just to retaliate against her disability discrimination complaints. Sperry has therefore adequately pleaded retaliation.

5

As Sperry has alleged at least one set of retaliatory acts that can provide grounds for this count to proceed, the Court will not now rule on the legal sufficiency of any of the other alleged retaliatory acts.

The Court will therefore DENY Defendants' Motion to Dismiss Count 2.

**c. Count 3: ADA: failure to accommodate**

Generally, a plaintiff alleging ADA discrimination must file an EEOC charge within 300 days of their employer's allegedly unlawful act if they are also filing with a state or local agency. 42 U.S.C. §§ 12117(a); 2000e-5(e)(1). Sperry filed state and local charges simultaneously alongside her EEOC charge, so the 300-day statute of limitations applies. She filed her charges on March 8, 2019, so that 300-day period reaches back to May 2018. At that time, Sperry was teaching in the properly air-conditioned classroom. There is no dispute that Sperry's complaint about having been moved out of that classroom in or around September 2018 comes within the statute of limitations. However, Defendants argues that any pre-May-2018 failures to accommodate her are outside the statute of limitations, and so the Court should dismiss her failure to accommodate claim to the extent that the claim rests on Defendants' alleged pre-May-2018 conduct.

In response, Sperry argues that the "continuing violations" theory means that Defendants' denials of her prior requests for accommodations are within the statute of limitations. "Under th[e continuing violation] theory, the plaintiff may pursue a . . . claim for discriminatory conduct that began prior to the filing period if [s]he can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant." West v. Phil. Elec. Co., 45 F.3d 744, 755 (3d Cir. 1995) (citing Bronze Shields, Inc. v. N.J. Dep't of Civil Serv., 667 F.2d 1074, 1081 (3d Cir. 1981)),

abrogation on other grounds recognized by Mandel v. M & Q Packaging Corp., 706 F.3d 157, 166–67 (2013). If the defendant is engaged in a continuing violation, "the 300–day filing period becomes irrelevant—as long as at least one violation has occurred within that 300 days. Plaintiff may then offer evidence of, and recover for, the entire continuing violation." Id. at 755.

As Sperry presents the matter, the denials of her requests for accommodations constituted a continuing violation whose last act occurred in September 2018, when she was moved out of the properly air-conditioned classroom. Because the denials were a continuing violation, and the last act is undisputedly within the statute of limitations, she argues, Defendants can be held liable for the entire course of conduct.

The Court is aware that the Third Circuit has held in three non-precedential opinions that a failure to accommodate is a discrete act which cannot support a continuing violation claim. Mercer v. SEPTA, 608 Fed. App'x 60, 63 (3d Cir. 2015); Aubrey v. City of Bethlehem, 466 Fed. App'x 88, 92–93 (3d Cir. 2012); Zankel v. Temple Univ., 245 Fed. App'x 196, 198–99 (3d Cir. 2007). Although Sperry cites an E.D. Pa. opinion to the contrary, it predates all three Third Circuit opinions. See Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss Plaintiffs' Complaint ("Pl. MtD Opp.") at 10 (citing Malone v. Specialty Prods. & Insulation Co., 85 F. Supp. 2d 503, 505–06 (E.D. Pa. 2000)).

However, the Court is not aware of any controlling precedent on this issue. In the absence of controlling precedent, and where at least part of Sperry's failure to accommodate claim is undeniably timely, the Court will not decide at this time whether the ADA's statute of limitations bars any alleged denial of Sperry's pre-May-2018 requests for accommodation.

The Court will therefore DENY Defendants' Motion to Dismiss as to Count 3.

### d. Count 4: ADA: retaliation

Much like its response to Sperry's Title VII retaliation claim, Defendants' Motion to Dismiss Sperry's ADA retaliation claim only disputes whether Sperry had adequately pleaded retaliation. Because the alleged unwarranted poor performance reviews could constitute retaliation, the Court will DENY Defendants' Motion to Dismiss as to Count 4. Again, the Court will not now rule on any of the other alleged retaliatory conduct.

### e. Count 5: FLSA

Plaintiff does not oppose Defendants' Motion to Dismiss Count 5 of her complaint, which concerns alleged underpayment. Pl. MtD Opp. at 3 n.1. The Court will therefore GRANT, with prejudice, Defendants' Motion to Dismiss as to Count 5.

### f. Count 6: FMLA interference

To make out an FMLA interference claim, a plaintiff must allege, among other things, that he or she suffered prejudice. Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 143 (2004). An employee suffers "prejudice" when his or her employers' interference "rendered her unable to exercise the right to leave in a meaningful way, thereby causing injury." Lupyan v. Corinthian Colls, Inc., 761 F.3d 314, 319–20 (3d Cir. 2014) (cleaned up) (quoting Conoshenti, 364 F.3d at 143). Defendants argues that Sperry cannot make out an FMLA claim because she cannot prove that she was "unable to exercise the right to leave in a meaningful way" or suffered "injury," given that Sperry was able to take leave within, at most, a few weeks of beginning to seek it. Def. MtD Br. at 19. Sperry's opposition brief does not expand on what injury she suffered. See Pl. MtD Opp. at 15–17.

On the facts alleged, the Court cannot infer prejudice. However, Sperry could conceivably show prejudice in an amended complaint. Also, Sperry requested that, should the Court choose to dismiss Count 6, it "allow her to file an Amended Complaint delineating further facts regarding Defendants' interference with her rights under the FMLA." Pl. MtD Opp. at 17. The Court will therefore GRANT, without prejudice, Defendants' Motion to Dismiss as to Count 6. The Court will also GRANT Sperry's request for leave of court to file an amended complaint clarifying Count 6.

### g. Sperry's prayer for punitive damages

In employment cases, punitive damages are appropriate when an employer acts with "'malice' or 'reckless indifference' . . . to the employer's knowledge that it may be acting in violation of federal law." Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 534–36 (1999). Defendants argue the Court should strike[1] Sperry's prayer for punitive damages because Sperry "has not presented any facts in her Complaint that lead to a reasonable inference that Defendants acted with malice or reckless indifference to Plaintiff's federally protected rights." Def. MtD Br. at 20. However, Defendants cites no precedent to support that argument. Id.

The Court will decline to strike the prayer for punitive damages. Defendants allegedly denied Sperry disability accommodations for over a decade, and ignored "regular reporting" of

---

[1] Defendants specifically use the terms "strike" and "stricken," but argue the point as though it were a Rule 12(b)(6) Motion to Dismiss rather than a Rule 12(f) Motion to Strike. See Def. MtD Br. at 20. Because the Plaintiff also argues under the standard of Rule 12(b)(6), the Court will review Defendants' request under that standard. See Pl. MtD Opp. at 17–19.

"pervasive sexual harassment" from Sperry's students, Compl. ¶¶ 38–41. On these facts, the Court could reasonably infer that Defendants was at least recklessly indifferent to Sperry's rights. The Court will therefore DENY Defendants' Motion to Dismiss as to Sperry's prayer for punitive damages.

## V.    Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss is GRANTED in part and DENIED in part, as follows:

- DENIED as to Counts 1–4;
- GRANTED, with prejudice, as to Count 5;
- GRANTED, without prejudice, as to Count 6; and
- DENIED as to Defendants' request that Sperry's prayer for punitive damages be stricken.

Further, Sperry's request for leave to file an Amended Complaint clarifying Count 6 is GRANTED.

An appropriate Order follows.

O:\CIVIL 19\19-2615 Sperry v Archdiocese of Philadelphia\19cv2615 Memo re MTD.docx